Mark T. Coffin (SBN 168571)
**LAW OFFICE OF MARK T. COFFIN**
21 E. Carrillo Street, Suite 240
Santa Barbara, CA 93101
Tel:  805-248-7118
Fax: 805-567-4028
mtc@markcoffinlaw.com

ATTORNEY FOR PLAINTIFFS, UNITED STATES FOR THE USE AND BENEFIT OF
KINYON CONSTRUCTION, Inc., a California Corporation,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF KINYON CONSTRUCTION, Inc., a California Corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>BERKLEY REGIONAL INSURANCE COMPANY, a Missouri Corporation; RORE, INC., a California Corporation; DOES 1 through 10, Inclusive.<br><br>                    Defendants | Case No.:<br><br>COMPLAINT FOR BREACH OF CONTRACT, QUANTUM MERUIT, AND RECOVERY UNDER MILLER ACT PAYMENT BOND |

1

**JURISDICTION**

1.      This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

**VENUE**

2.      Venue lies in the United States District Court for the Central District of California pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2), because The contract at issue was to be performed and executed in Ventura County, California, and the property which is the subject of this action is situated within Ventura County, California.

**PARTIES**

3.      Plaintiff Kinyon Construction, Inc. ("KINYON") is a California corporation, organized and existing under the laws of the State of California, with its principal place of business in Santa Maria, California. Kinyon is a licensed contractor, with California Contractor's License Number 728467.

4.      Defendant RORE, Inc. ("RORE") is a California corporation, organized and existing under the laws of the State of California, with is principal place of business in San Diego, California.  RORE is a licensed contractor, with California Contractor's License Number 898563.

5.      Defendant Berkley Regional Insurance Company ("BERKLEY"), is a Missouri corporation, organized and existing under the laws of the State of Missouri and authorized to do business in the state of California.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive.  Plaintiff is informed and believes that each fictitiously named Defendant is responsible in some manner for the occurrences alleged, and that Plaintiff's

2

damages were proximately caused by their conduct.  Plaintiff will amend this Complaint to allege the true names and capacities of these Defendants when ascertained.

## STATEMENT OF FACTS

7.     Upon information and belief, on or about June 19, 2013, Defendant RORE entered into a prime contract designated N62473-09-D-2620 with the United States of America for a construction project known as "Port Hueneme Site 19" (the "Project").

8.     Upon information and belief, the prime contract was subject to the Miller Act (40 U.S.C. §§ 3131, 3133).  Upon information and belief, Defendant RORE contracted with Defendant BERKLEY for a performance bond and payment bond pursuant to the Miller Act with respect to its work on the Project.  A copy of the Payment Bond ("Bond") provided to Plaintiff by RORE in the amount of $1,068,657.54 is attached hereto as **Exhibit 1**.

9.     On or about September 12, 2014, Plaintiff KINYON sent RORE a written proposal for removal of barnacles for an "Aqua Dam" located on the Project.  ("Proposal.") The Proposal quoted a total price of $16,209.00, based on estimated labor of 4 men working 10 hours per day for 2 days.  The Proposal stated that "Additional days will be billed at a reduced rate of $1,014.00 per man per day.  This rate includes all wages, per diem and lodging."  A true and correct copy of the Proposal is attached hereto as **Exhibit 2**.

10.     On or about September 17, 2014, defendant RORE, INC. subcontracted with Plaintiff KINYON to provide labor to remove barnacles for an Aqua Dam on the Project, for a total "not to exceed" cost of $16,209.00, based on an estimate of 4 men working 10 hours per day for 2 days at a total cost of $15,289.00.   The Subcontract also provided that "No change in the Work constituting a change in the Scope of Work or resulting in cost or schedule changes shall be made except upon written order of the Buyer."  A true and correct copy of the Short Form Subcontract ("Subcontract") executed by KINYON and RORE is attached hereto as **Exhibit 3**.

3

1    11.    Beginning on September 17, 2014, KINYON provided labor for the Aqua Dam
2  barnacle removal as requested. Before that project was completed however, RORE verbally
3  requested additional work from KINYON. On Friday, September 18, 2014, RORE's
4  designated "Point of Contact," Lee Peneranda, sent an email to KINYON stating: "I would
5  like to see 3 men next week for 40 hours." On a continuing basis, RORE requested additional
6  labor from KINYON. For example, on October 1, 2014, Mr. Peneranda sent another email to
7  KINYON stating: "I need the same three men next week, to start work doing 4 – 10s starting
8  this Monday 10/6/2014." On Friday, October 3, 2014, Mr. Peneranda sent another email to
9  KINYON asking: "Do you have one more labor to send out to Port Hueneme just for
10 Monday?" True and correct copies of the emails described in this paragraph are attached
11 hereto as **Exhibit 4**. KINYON continued to supply labor for the Project as requested by
12 RORE, at the same daily labor rate stated in KINYON'S Proposal.

13    12.    On or about October 28, 2014, RORE sent KINYON an executed Change Order
14 #1, stating "Credit issued to RORE. Original proposal was for 4 men 2 days. Kinyon supplied
15 3 men due to unforeseen circumstances. A credit is being issued at established T&M rate
16 $1,014.00 per day, per man," for a total credit of $2,028.00. A true and correct copy of
17 Change Order #1 is attached hereto as **Exhibit 5**.

18    13.    Between November 10, 2014 and November 23, 14, KINYON continued to work
19 on the Project at RORE's request and direction. At the end of each work day, KINYON
20 presented RORE'S onsite supervisory personnel with job tickets listing workers' names, and
21 the number of hours worked per day, per worker. These job tickets were signed and approved
22 by RORE personnel.

23    14.    On or about November 20, 2014, RORE sent KINYON two proposed change
24 orders via email from RORE's Contracts Manager, Nandita Murthy, Esq. Ms. Murthy's
25 transmittal email stated: "Change Order NO. 1 accounts for the cost overruns on the labor for
26 the installation of the aqua dam, and is in line with your invoice totals. Change order No. 2 is
27 for the current work being performed. Please sign both and send back to my attention for full

28                                    4

signature." A true and correct copy of Ms. Murthy's 11/20/14 email, and its two attached change orders, is attached hereto as **Exhibit 6**.

15.     On November 26, 2014, Manley McNinch of KINYON wrote to Lee Peneranda of RORE asking: "Were you able to get any info on the discrepancy on the billing?" That same day, Mr. Peneranda responded to Mr. McNinch's inquiry saying: "Manley, I will ask Nandita, Should be ok, as you have a running C.O. with everything in there." A true and correct copy of both emails dated November 25, 2014 is attached hereto as **Exhibit 7**.

16.     On November 25, 2014 and again on December 4, 2014, Nandita Murthy of RORE emailed KINYON to inquire about the unsigned change orders. KINYON did not execute RORE's proposed change orders, because the amounts were incorrect, and the proposed change orders contained a term stating: "Total not to exceed," which KINYON had never authorized or agreed to. (Exhibit 6.) On December 4, 2014, Mary Miller of KINYON responded to Ms. Murthy, stating: "there are some problems with the change orders that is why they have not bee [sic] signed and returned. Lee was supposed to have sent you information." That same day, Ms. Murthy responded: "Thanks, I will follow up with Lee." A true and correct copy of the emails described in this paragraph are attached hereto as **Exhibit 8**.

17.     KINYON last worked on the project on January 19, 2015. Between November 24, 2014 and January 19, 2015, KINYON continued to present job tickets for labor to RORE for approval and signature, and RORE signed each of KINYON's job tickets during this period.

18.     KINYON completed its work on the Project on or about January 19, 2015, all of which work was furnished in prosecution of the work provided for in the Subcontract, and in subsequent onsite direction by RORE personnel. As of February 28, 2015, when KINYON issued its final invoice to RORE, RORE owed KINYON the total amount of $213,852.30 for work performed and materials supplied to the Project.

5

19. KINYON has not been paid in full within ninety (90) days after it last performed work on the Project. On or about September 8, 2015, RORE issued a check to KINYON for $131,473,44, in partial payment of the unpaid billing, leaving a balance due to KINYON of **$82,378.86** as of September 15, 2015, exclusive of penalties and interest.

20. KINYON has demanded payment of the remaining amounts due from RORE, but RORE has failed to make payment. KINYON has also submitted a claim for payment to BERKLEY under the Bond, but BERKLEY has failed to pay KINYON the amount due.

**FIRST CLAIM**

(BREACH OF CONTRACT)

21. Plaintiff repeats and realleges paragraph 1 through 20 above as though fully set forth in this claim.

22. Plaintiff has performed all of its obligations under the Subcontract.

23. RORE has breached the Subcontract in that it has failed and refused to pay plaintiff in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract.

24. Plaintiff has suffered damages as a direct and proximate result of RORE's breach of contract. Plaintiff is furthermore entitled to prompt payment penalties of 2% per month on unpaid amounts, as well as reasonable attorney fees, from Defendants pursuant to California *Business & Professions Code* sections 7108.5 and 8814, and *Public Contracts Code* sections 7107, 10262, and 10262.5.

**SECOND CLAIM**

(QUANTUM MERUIT)

25. Plaintiff repeats and realleges paragraph 1 through 24 above as though fully set forth in this claim.

26. Plaintiff provided valuable labor, services and materials that were necessary for

6

1  RORE to perform and complete its obligations under the Prime Contract.

2      27.    RORE benefited from plaintiff's labor, services and materials, including but not
3  limited to the fact that RORE could not have fully performed and completed its obligations
4  under the Prime Contract in the absence of the labor, services and materials that plaintiff
5  provided.

6      28.    RORE has failed and refused to pay plaintiff for the labor, services and
7  materials referenced herein.

8      29.    Plaintiff has suffered damages and RORE has been unjustly enriched as a result
9  of ROREs failure to pay plaintiff for the labor, materials and services provided by plaintiff.
10  Plaintiff is furthermore entitled to prompt payment penalties of 2% per month on unpaid
11  amounts, as well as reasonable attorney fees, from Defendants pursuant to California *Business*
12  *& Professions Code* sections 7108.5 and 8814, and *Public Contracts Code* sections 7107,
13  10262, and 10262.5.

14

15                              **THIRD CLAIM**

16                         (MILLER ACT PAYMENT BOND)

17      30.    Plaintiff repeats and realleges paragraph 1 through 29 above as though
18  fully set forth in this claim.

19      31.    BERKLEY is obligated, pursuant to the Bond, to pay KINYON for the labor,
20  materials and services it furnished in the prosecution of the work provided for in the
21  Subcontract, and for which RORE failed to make payment.

22      32.    BERKLEY has failed to fulfill its obligation under the Bond to pay plaintiff for
23  labor, materials and services furnished in the prosecution of the work provided for in the Prime
24  Contract, and for which RORE failed to make payment.

25      33.    Plaintiff is entitled to payment from BERKLEY pursuant to the Miller Act, 40
26  U.S.C. § 3133. Plaintiff is furthermore entitled to prompt payment penalties of 2% per month
27  on unpaid amounts, as well as reasonable attorney fees, from Defendants pursuant to California

28                                        7

*Business & Professions Code* sections 7108.5 and 8814, and *Public Contracts Code* sections 7107, 10262, and 10262.5.

REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for:

    1. Damages in an amount to be proven at trial;

    2. Costs of suit incurred herein;

    3. Reasonable attorney's fees;

    4. Prompt payment penalties as provided by statute; and

    5. Such other and further relief as the Court may deem just and proper.

DATED: __1/6/15__                LAW OFFICE OF MARK T. COFFIN


By _____
    Mark T. Coffin, Esq.
    Attorney for Plaintiffs,
    UNITED STATES FOR THE USE AND
    BENEFIT OF KINYON CONSTRUCTION,
    INC., and KINYON CONSTRUCTION, INC.

8

# Exhibit 1

| **PAYMENT BOND** (See instructions on reverse) Bond No. 0177023 | DATE BOND EXECUTED (Must be same or later than date of contract) 6/24/2013 | OMB No.:9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL (Legal name and business address) RORE, Inc. 5151 Shoreham Place, Ste 260 San Diego, CA 92122 | TYPE OF ORGANIZATION ("X" one) |
|---|---|

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL          ☐ PARTNERSHIP

☐ JOINT VENTURE     ☒ CORPORATION

STATE OF INCORPORATION
California

| SURETY(IES) (Name(s) and business address(es)) Berkley Regional Insurance Company 11201 Douglas Avenue Urbandale, IA 50322 | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 001 | 068 | 657 | 54 |
| | CONTRACT DATE 6/19/2013 | CONTRACT NO. N62473-09-D-2620, DO #0013 | | |

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| RORE, Inc. | | PRINCIPAL | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Nandita Murthy, Esq. Contracts Manager | 2. | 3. | |

| | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | (Seal) |
| NAME(S) (Typed) | 1. | 2. | |

| | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Berkley Regional Insurance Company 11201 Douglas Avenue, Urbandale, IA 50322 | STATE OF INC. Delaware | LIABILITY LIMIT $ 100% | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. Jennifer L. Snyder Attorney-In-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

| | | **CORPORATE SURETY(IES)** *(Continued)* | | |
|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space

designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**Exhibit 2**

**Kinyon Construction**
**1533 Betteravia Rd.**
**Santa Maria CA.**
**93455**
License 728467 A, B, C-10 & C-38 Classifications

Phone 805-938-7990
Fax 805-934-9500
Cell 805-260-8079
09/12/14
KC-3566 R3

## Proposal

**Contact:** Lee Penaranda

**Location: Port Hueneme Ca.**

**Project:**   Port Hueneme Tidal Canal 19

Scope;
 Phase 1:
          **Remove Barnacles for Aqua Dam.**

1. **All work is to be preformed per information supplied by RORE, test reports dated 02/09/12, site photos and site maps dated August 2014**
2. **Work will be preformed per direction of RORE supervision personal.**
3. **Kinyon will supply the HASWOPER Certified  manpower only to remove Barnacles'/ Marine Growth from walls of culvert**
4. **Trucking for plastic liner material from VAFB to Port Hueneme $920.00**

Sub Total $ 15,289.00
              $920.00
**Total       $ 16,209.00**
 Clarifications
1) **Quote is 4 men 10 hours per day for 2 days. Additional days will be billed at a reduced rate of $1,014.00 per man per day. This rate includes all wages, per-diem and lodging.**
2) **Additional days will require signed authorization by RORE prior to starting work.**
3) **All equipment will be provided by RORE, Kinyon will be supplying manpower only.**
4) **Laborer rates are based on current Davis Beacon rates.**
5) **Not Used**

Attachment  1

6) No, plans, permits, SWPP, traffic control, notifications, tests, survey, special inspections, engineering, structural calculations or associated fees have been included in this proposal.

7) Escorts provided by others

8) Payment due 30 days after completion, Invoices not received on time will be charged an additional 1 ½% finance charge

9) No plans, permits or special inspections are in proposal.

10) Any accelerations or delays by the Navy or RORE will be charged at T&M rates, agreed to before start of project.

11) Proposal is good for 30 days.

Accepted _____ Date _____

# Exhibit 3

 **R◉RE**

# SHORT FORM
# SUBCONTRACT

SUBCONTRACT NO.: # 50196
PROJECT: PORT HUENEME SITE 19
RORE PROJECT NO.: E1009-13
COST CODE: 55.08.50
DATE: SEPTEMBER 15, 2014

RORE, Inc. • 5151 Shoreham Place, Suite 260 • San Diego, CA 92122
Tel: 858.404.7393 • Fax: 858.404.7395 • www.roreinc.com

| VENDOR | Kinyon Construction | INVOICE TO | RORE, Inc. |
|---|---|---|---|
| | c/o Mary Miller | | c/o Claudia Dungee, Accounts Payable |
| | 1533 Betteravia Rd. | | 5151 Shoreham Place, Suite 260 |
| | Santa Maria CA, 93455 | | San Diego CA  92122 |
| | Phone 805-938-7990 | | 858-404-7393 (Ph) |
| | Fax 805-934-9500 | | 858-404-7395 (Fax) |
| | mary@kinyonconstruction.com | | billing@roreinc.com |

## Scope of Work

Provide labor to remove barnacles for Aqua Dam.
- All work is to be performed per information supplied by RORE, test reports dated 02/09/12, site photos and site maps dated August 2014
- Work will be performed per direction of RORE supervision personnel.
- Kinyon will supply the HAZWOPER Certified manpower only to remove Barnacles'/ Marine Growth from walls of culvert
- Trucking for plastic liner material from VAFB to Port Hueneme $920.00
- Kinyon is required to submit NBVC Base Access Application and Department of the Navy Local Population ID Card/Base Access Pass Registration to access the NBVC Base.

**This is a prevailing wage project. Certified payrolls are required before payment can be issued.*
General Decision Number: CA130025 05/31/2013 CA25
Superseded General Decision Number: CA20120025
State: California
Construction Types: Building, Heavy (Heavy and Dredging) and Highway
County: Ventura County in California.

## Estimated Period of Performance

17-18 September 2014*
*actual mob and demob dates will be provided at least 24 hours prior

## Estimated Cost

4 men 10 hours per day for 2 days - $ 15,289.00
Trucking for plastic liner material from VAFB to Port Hueneme - $920.00

Total Price not to exceed $16,209.00

## Misc.

Deliver to:
Naval Base Ventura County
Track 13 Rd Bridge & Acorn Rd
Port Hueneme, CA 93041

Points of Contact:
Lee Peneranda 805-624-0918
QE Crews 619-920-5533

| VENDOR | | RORE, Inc. | |
|---|---|---|---|
| By | | By | Magdalena Groves |
| Name | Kevin Kinyon | Name | MAGDALENA GROVES |
| Title | President | Title | Assistant PM |
| Date | 9/11/14 | Date | 9/17/14 |

Page 1 of 3

Buyer   Vendor

Attachment 1

TERMS AND CONDITIONS OF PURCHASE - SERVICES

BY THE ACCEPTANCE OF THIS ORDER AND/OR COMMENCEMENT OF ANY WORK, VENDOR AGREES THAT THE PERFORMANCE OF WORK WILL BE GOVERNED BY THE FOLLOWING TERMS AND CONDITIONS:

1.  DEFINITIONS.
    a.  "Buyer" shall mean RORE, Inc.
    b.  "Vendor" shall mean the person or entity signing this Order to perform the Work required by Buyer.
    c.  "Order" shall mean all terms and conditions, exhibits, attachments, amendments or other such documents set forth herein which shall govern the Work performed by Vendor.
    d.  "Work" shall mean the services of Vendor's personnel described in Scope of Work and/or any other Work as may be added to or performed in connection with this Order.
    e.  "Jobsite" shall mean the area or location designated by Buyer at which Work is being performed, if applicable.
    f.  "Client" shall mean the person or entity to whom Buyer has been issued a Prime Contract to perform services.

2.  RELATIONSHIP OF PARTIES.  Vendor, including its employees, agents or representatives, shall be deemed an independent contractor and not an agent or employee of Buyer.  All benefits, coverages and claims of its employees shall be the sole obligation of Vendor.  Unless specifically authorized by Buyer in writing, Vendor shall have no authority to make commitments of any kind on behalf of Buyer.

3.  VENDOR'S EMPLOYEES.  Vendor shall, at Vendor's cost furnish competent, skilled, trained, and medically qualified employees experienced in the type of Work to be performed.  Vendor shall, when requested by Buyer, promptly removed at Vendor's cost any person considered by Buyer to be incompetent, unsatisfactory or undesirable for any other reasons.  If applicable, such person shall not be employed at the Jobsite without the prior written approval of Buyer.

4.  WARRANTY.  Vendor warrants that Vendor and its employees shall, in performing Work hereunder, exercise the degree of skill, care and diligence consistent with the highest industry standards and perform Work in a manner which conforms to the specifications provided by Buyer.  Should Vendor fail to perform to those standards, it shall (a) without cost to Client or Buyer, reperform and correct any substandard Work; (b) reimburse Buyer for Buyer's direct, incidental, consequential damages or other costs resulting from or arising in connection with breach of such warranty.  If Vendor fails to replace or correct any such Work after reasonable notice, Buyer may at its discretion, cause such Work to be replaced or corrected and all costs and expenses incurred in connection therewith shall be borne by Vendor.  Provided, however, that if the deficiency is the Work poses an immediate health and safety risk to Buyer, Client or others, then Buyer shall have the right to direct reperformance and correction of the sub-standard Work by the most immediate means available, and reasonable costs thereof shall be borne by Vendor.  Any Work corrected as a consequence of this provision shall be subject to the same warranty as provided for in the original Work.  The rights and remedies of Buyer as provided in this provision and elsewhere in this Order shall in no way limit any other rights or remedies Buyer may have under this Order or at law or in equity.

5.  PRICE.  This is a time and material Order and Vendor shall furnish the Work stated in this Order in accord with the price and terms as stated.  All prices include all applicable taxes required by law to be paid by Vendor.

6.  PAYMENT.  Buyer agrees to pay Vendor for the satisfactory completion of Vendor's scope of Work in monthly payments of ninety percent (90%) of the work performed in any preceding month.  Vendor will provide weekly Certified Payroll reports and monthly completed lien waivers before payment is issued.  Following receipt of payment from Client, within seven (7) days from Buyer's receipt of payment, payment will be made by Buyer to Vendor.

7.  COMPLIANCE.  Vendor shall fully comply with all Federal, State, and local laws, ordinances, statutes, rules, regulations, license and permit conditions or requirements (hereinafter "Laws"), including but not limited to, all Laws pertaining to the environment and/or natural resources, all Laws pertaining to employment, health and safety, and any and all other Laws which affects Vendor's performance of Work hereunder.  All fees and charges in connection with Vendor's compliance with applicable Laws shall be borne by Vendor.  In the event of violation by Vendor of any Laws, or the failure of Vendor to comply with same, Vendor shall pay all fines, penalties and other expenses, including attorneys fees, imposed upon or incurred by Vendor or Buyer in connection therewith.

8.  INDEMNITY AND INSURANCE.
    a.  Vendor shall defend, indemnify and hold harmless Buyer, its officers, directors, agents and employees, from and against all claims, suits (including counsel fees and other expenses of claims or suits, whether groundless or not), liabilities, judgments, and awards on account of and damage to property or any injury or death to persons, together with incidental and consequential damages, which may be caused or be alleged to have been caused in whole or in part by the negligence or other fault of Vendor or any of its subcontractor or by any failure of merchandise or Work performed to conform to warranty.
    b.  Vendor agrees to maintain all necessary insurance coverage from a commercially responsible insurer, including Commercial General Liability insurance for bodily injury, personal injury and property damage.  At Buyer's request, Vendor shall provide Buyer with evidence of such insurance satisfactory to Buyer.

9.  PATENTS.  Vendor, its heirs, successors, assigns and legal representatives, shall forever protect, indemnify and save harmless the Buyer, its agents, divisions, subsidiaries and affiliates, against all claims, suits, judgments, court costs, attorney's fees and other liabilities, demands or losses in any manner arising out of alleged infringement of any patent copyright or trademark rights because of their possession, use or sale of the subject matter to which this agreement relates, provided that Buyer shall be promptly notified of the bringing of said suits.  Buyer shall have the right to be represented in the defense thereof by counsel, or its own selection and at its own expense.

10. CHANGES.  No change in the Work constituting a change in the Scope of Work or resulting in cost or schedule changes shall be made except upon written order of the Buyer.  Any claim made by Vendor for adjustment to the contract price, performance schedule, or both, shall be deemed waived unless asserted in writing no later than five (5) days from Vendor's first knowledge of the change.  Under no circumstances shall any pending claim or dispute excuse Vendor from proceeding with its performance under this Order.

11. FORCE MAJEURE.  Neither party to this Order shall be liable to the other party for delays in performing the Work, or for the direct or indirect cost resulting from such delays, that may result from acts of God, acts of governmental authorities, extraordinary weather conditions or other natural catastrophes, or any other cause beyond the reasonable control or contemplation of either party.  Each party will take reasonable steps to mitigate the impact of any force majeure.  Buyer will adjust the schedule and compensation under this Order to the extent that Buyer's schedule and compensation are equitably adjusted by Client.

12. TERMINATION.  Buyer has the right to terminate or suspend Work under notice by Vendor.  Such termination or suspension may be in whole or in part and shall be at the sole discretion of Buyer, may be done at any time and may be for any reason whatsoever.  Notice of termination or suspension may specify the schedule and manner and effect other conditions of the termination or suspension and Vendor shall comply therewith.  In such event, Vendor shall be entitled to payment for Work performed up to the time of such termination or suspension in accordance with the terms of this Order, including such expenditures as in the judgment of Buyer are necessarily incurred by Vendor.  In the orderly termination or suspension of its Work as prescribed in the notice.  If Work is ascended or terminated for default, then Vendor shall be responsible for all damages and costs incurred by Buyer.

13. CONFIDENTIALITY AND CONFLICTS OF INTEREST.  Vendor shall maintain in strict confidence both during and after the term of this Order, and shall not disclose to third parties except with the prior written approval of Buyer, all confidential business and trade information which it receives from Buyer or which is invented, made or developed pursuant to this Order.  At Buyer's request Vendor, Vendor's employees and subcontractors shall

Buyer _____   Vendor _____

execute confidentiality agreements. This Order is non exclusive. Buyer may, at its discretion, select and use others to provide the same type of Work contemplated by this Order. Vendor is not prohibited form accepting work from other buyers during the term of this Order, including work similar to that being provided hereunder, provided that such work is not in conflict with the business interests of Buyer or the Work being performed hereunder for Buyer or Client.

14. DRAWINGS, DATA AND WORK. All documents including, but not limited to, studies, calculations, assumptions, data, findings, results and reports and other information resulting from the performance of Vendor hereunder are confidential and the exclusive property of the Buyer. Vendor shall unless otherwise directed, deliver to Buyer all such documents and information and Buyer shall have the right to use them for any purpose whatsoever.

15. GOVERNING LAW. This Order is to be interpreted in accordance with, and performance governed by the laws of the State of California.

16. ASSIGNMENT. Vendor shall not assign this Order or delegate the Work authorized to be performed hereunder or subcontract or otherwise sublet the whole or any part of said Work without the prior written consent of Buyer. Any Work authorized to be subcontracted shall be performed in accordance with the terms and conditions of this Order and any attachments.

17. WORK PERFORMED AT VENDOR'S RISK. Vendor shall perform all Work at its risk and if the Work or any portion thereof shall be damaged in any way before the final completion and acceptance of the Work, Vendor shall promptly repair or replace such damaged Work without expense to Client or Buyer. Vendor shall be responsible for any loss or damage to equipment or other articles used or held for use in connection with the Work.

18. BUYER'S RIGHT TO RELY. Buyer shall be entitled to rely without independent verification on the accuracy, currency and completeness of information supplied by Vendor or its approved subcontractors. The obligations of Vendor provision 8 (Indemnity and Insurance) shall extend to any claim which may be brought against Vendor or Buyer or its or their respective officers, directors and employees arising out of or alleged in any way to involve such information.

19. SEVERABILITY AND SURVIVAL. If any of the provisions contained in this Order are held invalid, illegal, or unenforceable, the unenforceability of the other remaining provisions shall not be impaired. Limitations of liability, indemnities, and other express representations shall survive termination of this Order for any cause.

20. ENTIRE AGREEMENT. This Order contains the entire agreement between the parties as to the Work rendered hereunder. All previous or contemporaneous agreements, representations, warranties, promises, and conditions relating to the subject matter of this Order are hereby superseded, unless specifically added in a written Change Order/Modification, entitled "PO Change Order" and executed by the Buyer.

Buyer          Vendor

# Exhibit 4

Outlook.com Print Message                                    https://bay172.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

Print                                                                                        Close

# Re: Short Form Subcontract_Interim Removal Action IR Site 19 – Tidal Canal Remediation NBVC Port Hueneme_

From: **Lee Peneranda** (lpeneranda@roreinc.com)
Sent: Fri 9/19/14 1:03 PM
To:    manley mcninch (manleymc1@hotmail.com)
Cc:    Kevin (kevin@kinyonconstruction.com)

Manley,

Confirmed 4-10's for next week. 3 men starting Monday at 0700.

*Thank You,*

*Lee Peneranda,*

**RORE INC,**

**5151 Shoreham Place, Suite 260**

**San Diego, CA, 92122**

**(805) 624-0918**

---

**From:** manley mcninch <manleymc1@hotmail.com>
**Sent:** Friday, September 19, 2014 10:17:31 AM
**To:** Lee Peneranda
**Cc:** Kevin
**Subject:** RE: Short Form Subcontract_Interim Removal Action IR Site 19 – Tidal Canal Remediation NBVC Port Hueneme_

4-10s of 5-8s?

**Manley McNinch**

https://bay172.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

*Kinyon Construction/ R K & G*
*805-260-8079 Cell*
*805-938-7990 ext 103*

---

From: lpeneranda@roreinc.com
To: manleymc1@hotmail.com
CC: kevin@kinyonconstruction.com
Subject: Re: Short Form Subcontract_Interim Removal Action IR Site 19 – Tidal Canal Remediation NBVC Port Hueneme_
Date: Fri, 19 Sep 2014 16:57:47 +0000

Manley,

I would like to see 3 men next week for 40 hours.

Sent from my iPhone

On Sep 19, 2014, at 9:35 AM, "manley mcninch" <manleymc1@hotmail.com> wrote:

> Cool
>
> Sent from my manleym@rkgconstruction.com
>
> On Sep 19, 2014, at 8:40 AM, "Lee Peneranda" <lpeneranda@roreinc.com> wrote:
>
>> Manley,
>>
>> Confirmed, We will use the 3 men today for 8 hours. Once material arrives I will look at having the same crew return , plus a operator. Thank you for your help.

*Thank You,*


*Lee Peneranda,*

**RORE INC,**
**5151 Shoreham Place, Suite 260**
**San Diego, CA, 92122**
**(805) 624-0918**

---

**From:** manley mcninch <manleymc1@hotmail.com>
**Sent:** Friday, September 19, 2014 7:58 AM
**To:** Lee Peneranda
**Cc:** Kevin
**Subject:** RE: Short Form Subcontract_Interim Removal Action IR Site 19 – Tidal Canal
Remediation NBVC Port Hueneme_

Good Morning Lee
Just confirming, the 3 men will be working today at Port Hueneme?

**Manley McNinch**
**Kinyon Construction/ R K & G**
**805-260-8079 Cell**
**805-938-7990 ext 103**



---

From: lpeneranda@roreinc.com
To: manleymc1@hotmail.com
CC: kevin@kinyonconstruction.com
Subject: FW: Short Form Subcontract_Interim Removal Action IR Site 19 –
Tidal Canal Remediation NBVC Port Hueneme_
Date: Tue, 16 Sep 2014 23:31:44 +0000

Manley,


FYI, sent yesterday at 3:11 PM.

Outlook.com Print Message                                    https://bay172.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

Print                                                                                         Close

# Port Hueneme Tidal Canal Project Site 19

From: **Lee Peneranda** (lpeneranda@roreinc.com)
Sent: Wed 10/01/14 4:17 PM
To:    manley mcninch (manleymc1@hotmail.com)

Manley,

I need the same three men next week, to start work doing 4 -10s starting this Monday 10/6/2014.

*Thank You,*

*Lee Peneranda,*

**RORE INC,**

**5151 Shoreham Place, Suite 260**

**San Diego, CA, 92122**

**(805) 624-0918**

Print                                                                                    Close

# one more labor for Monday if you have one.

From: **Lee Peneranda** (lpeneranda@roreinc.com)
Sent: Fri 10/03/14 1:47 PM
To:    manley mcninch (manleymc1@hotmail.com)

Manley,

Do you have one more labor to send out to Port Hueneme just for Monday?

*Thank You,*

*Lee Peneranda,*

***RORE INC,***

***5151 Shoreham Place, Suite 260***

***San Diego, CA, 92122***

***(805) 624-0918***

**Exhibit 5**



**COR 3566.01**

CONSTRUCTION INC.

1533 W. Betteravia Rd., Santa Maria, CA 93455
805-938-7990~805-934-9500 Fax
License #728467 Classifications A, B & C38-C10,C33

## CHANGE ORDER/EXTRA WORK ORDER/SUBSTITUTION FORM

JOB# E1009-13    NAME Tidal Canal 19    DATE 10/28/2014    KC# 3566

Description of Work:

Credit issued to RORE: Original proposal was for 4 men 2 days, Kinyon supplied 3 men due to unforeseen circumstances
A credit is being issued at established T&M rate $1,014.00 per day, per man.

Compiled by: Manley McNinch

Material(s) or Special Change:

| | | |
|---|---|---|
| U/P Add | $_____ | (U/P is unit pricing) |
| U/P Credit | $_____ | |
| Material | $_____ | |
| Labor | $ (2,028.00) | Estimated Time of Completion _____ N/A |
| Subs | $_____ | |
| Equipment | $_____ | |
| Bonding | $_____ | |
| Profit & OH | $_____ | Total of Extra Work Order $ (2,028.00 credit) |

Contractor Signature _Mike Garson_

Owner Representative Signature _____

Notes: _____

**Exhibit 6**

Print | Close Window

Subject: **Change Orders for PORT HUENEME SITE 19**
   From: **Nandita Murthy <nmurthy@roreinc.com>**
   Date: **Thu, Nov 20, 2014 1:42 pm**
     To: **"mary@kinyonconstruction.com" <mary@kinyonconstruction.com>**
     Cc: **Mike Garamoni <mgaramoni@roreinc.com>, Magdalena Groves <mgroves@roreinc.com>**
 Attach: **E1009-13_CO1_Kinyon (11.20.2014).pdf**
         **E1009-13_CO2_Kinyon (11.20.2014).pdf**

Mary,

Please find attached Change Orders 1 and 2. Change Order No. 1 accounts for the cost overruns on the labor for the installation of the aqua dam, and is in line with your invoice totals. Change Order No. 2 is for the current work being performed.

Please sign both and send back to my attention for full signature.

Thank you,

Nandita Murthy, Esq.
Contracts Manager
**RORE, Inc.**
5151 Shoreham Place, Ste. 260
San Diego, CA  92122
858-404-7393 (Office)
858-663-6997 (Cell)
858-404-7395 (Fax)
nmurthy@roreinc.com

Copyright © 2003-2015. All rights reserved.

Attachment 2



# CHANGE ORDER

PROJECT: E1009-13/PORT HUENEME SITE 19

CHANGE ORDER #:                    S0196.01

CHANGE ORDER DATE:            20-Nov-14

TO:    **Kinyon Construction**          DATE OF AGREEMENT:            15-Sep-14
       Mary Miller
       1533 Betteravia Rd.              COST CODE:                          55.08.50
       Santa Maria CA, 93455
       mary@kinyonconstruction.com

The Contract is changed as follows:

Provide labor and materials to install aqua dam and plastic barriers.          $      71,892.94

Total Not To Exceed:  $      71,892.94

Work to meet all requirements of original contract.

| | |
|---|---:|
| The original agreement amount was ............................................ | $16,209.00 |
| Net change by previously authorized change orders ........................................................ | $0.00 |
| The subcontract amount prior to this change order was ............................... | $16,209.00 |
| The subcontract amount will be increased by this change order in the amount of ...... | $71,892.94 |
| The new subcontractr amount including the change order will be ............ | $88,101.94 |

***The terms and conditions of the original contract will remain.***

Not valid until signed by all parties below.

**Kinyon Construction**                    RORE, Inc.
SUBCONTRACTOR                             CONTRACTOR

1533 Betteravia Rd.                        5151 Shoreham Pl., Suite 260
ADDRESS                                    ADDRESS

Santa Maria CA, 93455                      San Diego, CA 92122
CITY, STATE, ZIP                           CITY, STATE, ZIP

BY (*Signature*)                           BY (*Signature*)

(*Name*)                                   (*Name*)

DATE_____                        DATE_____



## CHANGE ORDER

PROJECT: E1009-13/PORT HUENEME SITE 19       CHANGE ORDER #:          S0196.02

                                             CHANGE ORDER DATE:       20-Nov-14

TO:   **Kinyon Construction**                DATE OF AGREEMENT:       15-Sep-14
      Mary Miller
      1533 Betteravia Rd.                     COST CODE:                 55.08.50
      Santa Maria CA, 93455
      mary@kinyonconstruction.com

The Contract is changed as follows:

      Provide labor and materials to install temporary steel plate dam          $    60,340.00

                                                          Total Not To Exceed:  $    60,340.00

            Work to meet all requirements of original contract.

The original agreement amount was ……………………………….         $16,209.00
Net change by previously authorized change orders ……………………………………………         $88,101.94
The subcontract amount prior to this change order was ……………………………         $104,310.94
The subcontract amount will be increased by this change order in the amount of ……         $60,340.00
The new subcontractr amount including the change order will be …………         $164,650.94
*The terms and conditions of the original contract will remain.*

Not valid until signed by all parties below.

**Kinyon Construction**                      **RORE, Inc.**
SUBCONTRACTOR                                 CONTRACTOR

**1533 Betteravia Rd.**                       **5151 Shoreham Pl., Suite 260**
ADDRESS                                        ADDRESS

**Santa Maria CA, 93455**                     **San Diego, CA  92122**
CITY, STATE, ZIP                               CITY, STATE, ZIP


BY (*Signature*)                              BY (*Signature*)


(*Name*)                                       (*Name*)


DATE_____                      DATE_____

**Exhibit 7**

Outlook.com Print Message                          https://bay172.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

Print                                                                           Close

# Re: Port Hueneme Billing

From: **Lee Peneranda** (lpeneranda@roreinc.com)
Sent: Wed 11/26/14 11:30 AM
To:     manley mcninch (manleymc1@hotmail.com)

Manley,

I will ask Nandita, Should be ok, as you have a running C.O. with everything in there.

*Thank You,*

*Lee Peneranda,*

**RORE INC,**

**5151 Shoreham Place, Suite 260**

**San Diego, CA, 92122**

**(805) 624-0918**

---

**From:** manley mcninch <manleymc1@hotmail.com>
**Sent:** Wednesday, November 26, 2014 11:02 AM
**To:** Lee Peneranda
**Subject:** Port Hueneme Billing

Hi Lee
Were you able to get any info on the discrepancy on the billing?

*Manley McNinch*
*Kinyon Construction/ R K & G*
*805-260-8079 Cell*
*805-938-7990 ext 103*

**Exhibit 8**

Print  |  Close Window

Subject: RE: Change Orders for PORT HUENEME SITE 19
From: Nandita Murthy <nmurthy@roreinc.com>
Date: Thu, Dec 04, 2014 2:49 pm
To: "mary@kinyonconstruction.com" <mary@kinyonconstruction.com>

Thanks, I will follow up with Lee.

Nandita Murthy, Esq.
Contracts Manager
**RORE, Inc.**
5151 Shoreham Place, Ste. 260
San Diego, CA  92122
858-404-7393 (Office)
858-663-6997 (Cell)
858-404-7395 (Fax)
nmurthy@roreinc.com

**From:** mary@kinyonconstruction.com [mailto:mary@kinyonconstruction.com]
**Sent:** Thursday, December 04, 2014 2:32 PM
**To:** Nandita Murthy
**Subject:** RE: Change Orders for PORT HUENEME SITE 19

HI
There are some problems with the change orders that is why they have not bee signed and
returned.  Lee was supposed to have sent you information.

Mary Miller
Office Manager/Controller
Phone 805-938-7990
Fax 805-934-9500

-------- Original Message --------
Subject: RE: Change Orders for PORT HUENEME SITE 19
From: Nandita Murthy <nmurthy@roreinc.com>
Date: Thu, December 04, 2014 2:29 pm
To: "mary@kinyonconstruction.com" <mary@kinyonconstruction.com>
Cc: Mike Garamoni <mgaramoni@roreinc.com>, Magdalena Groves
<mgroves@roreinc.com>

Mary,

I am following up on these change orders. A response to my email is
appreciated.

Attachment 3

Thanks,

Nandita Murthy, Esq.
Contracts Manager
**RORE, Inc.**
5151 Shoreham Place, Ste. 260
San Diego, CA 92122
858-404-7393 (Office)
858-663-6997 (Cell)
858-404-7395 (Fax)
nmurthy@roreinc.com

**From:** Nandita Murthy
**Sent:** Tuesday, November 25, 2014 11:53 AM
**To:** 'mary@kinyonconstruction.com'
**Cc:** Mike Garamoni; Magdalena Groves
**Subject:** RE: Change Orders for PORT HUENEME SITE 19

Mary,

I am following up on the signed Change Orders. Please advise as to
when we will receive it. Thanks.

Nandita Murthy, Esq.
Contracts Manager
**RORE, Inc.**
5151 Shoreham Place, Ste. 260
San Diego, CA 92122
858-404-7393 (Office)
858-663-6997 (Cell)
858-404-7395 (Fax)
nmurthy@roreinc.com

**From:** Nandita Murthy
**Sent:** Thursday, November 20, 2014 1:43 PM
**To:** 'mary@kinyonconstruction.com'
**Cc:** Mike Garamoni; Magdalena Groves
**Subject:** Change Orders for PORT HUENEME SITE 19

Mary,

Please find attached Change Orders 1 and 2. Change Order No. 1 accounts for the cost overruns on the labor for the installation of the aqua dam, and is in line with your invoice totals. Change Order No. 2 is for the current work being performed.

Please sign both and send back to my attention for full signature.

Thank you,

Nandita Murthy, Esq.
Contracts Manager
**RORE, Inc.**
5151 Shoreham Place, Ste. 260
San Diego, CA  92122
858-404-7393 (Office)
858-663-6997 (Cell)
858-404-7395 (Fax)
nmurthy@roreinc.com

Copyright © 2003-2015. All rights reserved.